**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shelly Worden, | No. CV-22-00544-PHX-MTM |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Before the Court is the Commissioner's Motion to Amend or Correct the Judgment. Doc. 22. The Commissioner requests the Court reconsider its April 21, 2023 Order and enter judgment affirming the Commissioner's denial of Plaintiff Shelly Worden's application for Social Security Disability Benefits. *Id.* at 7. The Court will deny the Motion. Doc. 22.

**I.    Background**

On April 4, 2022, Plaintiff Shelly Worden filed a Complaint (doc. 1) seeking review of the denial of her Application for Social Security Insurance Benefits ("SSI") under Title II of the Social Security Act ("the Act") by the Commissioner of the Social Security Administration ("SSA").

On April 21, 2023, the Court found the administrative law judge ("ALJ") committed reversable error in rejecting Plaintiff's symptom testimony in the absence of specific, clear, and convincing reasons. Doc. 20 at 1. The Court remanded the matter for further proceedings. *Id*. On May 10, 2023, the Commissioner filed a Motion to Amend or

Correct Judgment. Doc. 22. Plaintiff filed a Response. Doc. 23.

## II. Motion to Amend or Correct

### A. Legal Standard

District courts have "considerable discretion" when addressing a motion to amend a judgment under Rule 59(e). *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir. 1999)). Rule 59(e) is an extraordinary remedy, only to be used sparingly in the interests of finality and conservation of judicial resources. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 887, 889-890 (9th Cir. 2000).

"There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner*, 338 F.3d at 1063 (internal quotations and citations omitted). Rule 59(e) does not allow courts to consider new arguments or evidence that the moving party could have raised before the decision. *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through–rightly or wrongly.'" *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (citation omitted). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

### B. Discussion

The Commissioner argues the Court should reconsider its decision and affirm the Commissioner's final determination as to Plaintiff's eligibility for the following reasons: (1) the Ninth Circuit's decision in *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) constitutes an intervening change in controlling law; (2) the ALJ properly identified the subjective complaints that he found unpersuasive; (3) the ALJ found that Plaintiff's

testimony conflicted with a mental health evaluation report, and (4) the Court erred by crediting Plaintiff's "caveats about her activities when the ALJ was not required to do so." Doc. 22.

### i. *The Ninth Circuit's Decision in* Smartt v. Kijakazi

The Commissioner first argues the Ninth Circuit's decision in *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022), which was published "after this matter was fully briefed," constitutes an intervening change in controlling law because "the Ninth Circuit clarified that the 'clear and convincing' reasons standard for discounting a claimant's subjective complaints 'isn't whether [a] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince.'" Doc. 22 at 2.

The Ninth Circuit in *Smartt* did not change the applicable standard of review. The Ninth Circuit noted "[u]ltimately, the 'clear and convincing' standard requires an ALJ to show his work." *Smartt*, 53 F.4th at 499. The Court emphasized, "[t]he standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Id*. This statement is a summary of the clear-and-convincing standard of review and is not a departure from that standard. Indeed, as this Court summarized in its April 21, 2023 Order, clear and convincing evidence is "sufficiently specific to permit the [reviewing] court to conclude that the ALJ did not 'arbitrarily discredit a claimant's testimony.'" *Bunnell v. Sullivan*, 947 F.3d 341, 345 (9th Cir. 1991). The Court need not be convinced of the ALJ's interpretation of the record. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld"). The Ninth Circuit's decision in *Smartt* did not alter the standard of review applicable to this case and it does not compel the Court to reconsider its decision.

### ii. *The ALJ's Identification of Specific Testimony Found to Be Unpersuasive*

The Commissioner argues the Court erred when it concluded the ALJ provided a

six-page summary of Plaintiff's medical records but failed to identify which aspects of Plaintiff's testimony the ALJ viewed as at odds with objective medical evidence. Docs. 22 at 3; 20 at 9-10. The Commissioner contends the Court erred because the Court must assess all pages of the ALJ's decision and the ALJ summarized Plaintiff's testimony and the medical evidence, albeit not in the same section. Doc. 22 at 3. The Commissioner also notes the ALJ provided a conclusion paragraph of the medical records summary which provided four examples of normal physical exam findings. Doc. 22 at 3-4.

The Commissioner simply restates the evidence and arguments already presented to the Court and has not argued or explained how the Court's decision is based on clear error. Rather, the Commissioner simply asks the Court "to rethink what the court had already thought through," *Defenders of Wildlife*, 909 F. Supp. at 1351, and mere disagreement with the previous order is not a basis for reconsideration, *Leong*, 689 F. Supp. at 1573.

       iii.   *The ALJ's Finding that Plaintiff's Testimony Conflicted with Dr. Abreu's Medical Opinion*

The Commissioner notes the ALJ, in addition to discrediting Plaintiff's testimony based on reported daily activities and lack of support in the objective medical record, cited a mental health evaluation report and stated, "Dr. Abreu at Exhibit 13F found no limitations, which was consistent with the mental health treatment records." Doc. 22 at 4 (citing AR 24.)

The Commissioner argues the ALJ's citation to the mental health report provides a basis for the Court to reconsider and enter a judgment affirming the Commissioner. The Court disagrees. At the hearing, Plaintiff testified solely about physical impairments. AR 33-64. Plaintiff did not testify about any limited effects from mental health impairments. *Id*. The ALJ's citation to a normal mental health evaluation thus did not provide a clear and convincing reason for rejecting Plaintiff's testimony about physical impairments. To support an adverse credibility finding, the ALJ must cite testimony or record evidence that is, in fact, inconsistent with Plaintiff's testimony. *See Trevizo v. Berryhill*, 871 F.3d

664, 679 (9th Cir. 2017) (reversing credibility determination where ALJ cited records which were "factually erroneous," including that a normal stance, balance and gait are not inconsistent with Plaintiff's testimony she suffered from psoriasis sores); *see also Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016) ("An ALJ cannot simply 'pick out a few isolated instances of improvement over a period of months or years' but must interpret 'reports of improvement ... with an understanding of the patient's overall well-being and the nature of her symptoms'"). The Commissioner has therefore not shown clear error warranting reconsideration of the Court's ruling.

### iv. The ALJ's Finding Related to Plaintiff's Daily Activities

The Commissioner argues the Court erred by crediting Worden's "caveats about her activities when the ALJ was not required to do so." Doc. 22 at 5-6. The Commissioner argues *Smartt* is an intervening change in controlling law on this issue, citing the following:

> Smartt criticizes the ALJ for providing "a mere list of [her daily] activities," without also listing in the same part of the ALJ's decision all of the limitations that Smartt included when testifying about her activities. But having properly discounted Smartt's subjective testimony elsewhere in his decision, the ALJ did not need to include in his list of Smartt's daily activities all of her caveats accompanying her description of those activities.

Doc. 22 at 5-6 (citing *Smartt*, 53 F.4th at 500 n.3). The Commissioner misstates *Smartt*'s holding. The Ninth Circuit held that where the ALJ properly discredited Plaintiff's symptom testimony, reversal was not warranted solely based on the ALJ's failure to list Plaintiff's stated limitations on her daily activities. *Id.* at 500, n. 3. *Smartt* does not prohibit this Court from assessing Plaintiff's testimony about how her symptoms limited her daily activities. Rather, Courts are required to consider the record as a whole in assessing whether substantial evidence supports the ALJ's findings. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence."). Moreover, *Smartt* is factually

distinguishable because here, the ALJ did not properly discredit Plaintiff's symptom testimony.

The Commissioner argues Plaintiff's stated daily activities are "comparable to those affirmed in *Smartt*." Doc. 22 at 6. However, "a motion for reconsideration is not designed merely to provide a dissatisfied litigant with additional opportunity to sway the Court." *Hassayampa Steering Committee v. Arizona*, 1991 WL 71769, at *1 (D. Ariz. March 26, 1991) (citation omitted), aff'd without pub'd opinion, 942 F.2d 791 (9th Cir. 1991). "Ultimately, a party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 220 (D. Ariz. 2012) (citation omitted). Simply stating that a given finding was erroneous does not make it so. *Id.* at 232.

**III.   Conclusion**

Because the Commissioner has not shown there is a basis for reconsideration of the Court's Order (doc. 20) the Court will deny the motion. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration of the Court's April 21, 2023 Order (doc. 22) is **denied.**

Dated this 21st day of June, 2023.

Honorable Michael T. Morrissey
United States Magistrate Judge